## Oscar Chase, Defendant in Error, v. Frank S. Bodge and Frank Foster, Plaintiffs in Error.

### Gen. No. 20,078.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed June 17, 1915.

### Statement of the Case.

Suit brought by Oscar Chase in the Municipal Court of Chicago against Frank S. Bodge and Frank Foster to recover damages for the wrongful suing out of a writ of attachment against the plaintiff by defendant Bodge. On a trial before the court without a jury, judgment for $25.48 was entered for the plaintiff, to reverse which the defendant sued out a writ of error.

The defendant Bodge brought an attachment suit in the Municipal Court of Chicago against the plaintiff. The attachment bond was signed by Frank Foster, as surety. In the attachment suit the Elgin, Joliet & Eastern Railway Company was served as garnishee, and as a result of the garnishment, the railway com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pany refused to pay plaintiff the wages due him. The plaintiff consulted Mr. A. R. Eppstein, an attorney. The evidence showed that Mr. Eppstein spent several hours in consultation with plaintiff regarding the attachment suit; that the attachment suit was transferred from the second to the first district; that on August 19, 1913, plaintiff's attorney entered his appearance in the attachment suit and asked that the case be set for immediate hearing; that an affidavit of merits was prepared and filed; that upon the trial of the case, counsel for plaintiff asked that the attachment issue be tried first, and independently of the assumpsit issue, which the court denied and ordered the trial to proceed as to both issues; that after plaintiff was put on the stand in the attachment suit under section 33 of the Municipal Court Act (J. & A. ¶ 3345), his attorney moved to quash the attachment; that the attorney for defendant Bodge also moved to quash the attachment, and that the court granted the motion. The court then proceeded to try the assumpsit issue. Bodge's testimony was objected to because it was at variance with his statement of claim, and leave was granted to file an amended statement, and the cause was continued. The evidence further showed that $25 was a reasonable charge for the services rendered by Mr. Eppstein in the attachment suit; that the item of forty-five cents was for expenses in and about securing a transfer of the case from the second to the first district.

What disposition was made of the assumpsit issue does not appear save that leave was given to file an amended statement of claim, and the cause continued.

FRANK FOSTER, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. ATTACHMENT, § 356*—*when damages awarded in action for wrongful attachment sustained by evidence.* The amount of damages awarded the plaintiff in an action on an attachment bond for the wrongful suing out of a writ of attachment, *held* warranted by the evidence.

2. ATTACHMENT, § 356*—*when evidence shows that damages awarded for wrongful attachment was for attorney's fees in attachment suit.* The evidence *held* to show, in an action on an attachment bond for the wrongful suing out of a writ of attachment, that the damages awarded the plaintiff were for the services of his attorney in the attachment suit.